

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 2:23cr 128 |
| v. | ) | |
| | ) | 18 U.S.C. §§ 1347 and 2 |
| EDDIE B. MATTISON, | ) | Health Care Fraud |
| | ) | (Counts 1-2) |
| Defendant. | ) | |
| | ) | 18 U.S.C. §§ 1035 and 2 |
| | ) | False Statements Relating to |
| | ) | Health Care Matters |
| | ) | (Counts 3-4) |
| | ) | |
| | ) | 18 U.S.C. § 1028A |
| | ) | Aggravated Identity Theft |
| | ) | (Count 5) |
| | ) | |
| | ) | 18 U.S.C. § 982(a)(7) |
| | ) | Criminal Forfeiture |

INDICTMENT

October 2023 TERM - At Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

GENERAL ALLEGATIONS

At all times relevant to this indictment:

1. The Medicaid Program ("Medicaid") provides medical assistance to indigent individuals who meet certain eligibility requirements. The United States Department of Health and Human Services ("HHS") and the Commonwealth of Virginia, Department of Medical Assistance Services ("DMAS"), administer and supervise the administration of the Medicaid program in Virginia, which is called the Virginia Medical Assistance Program ("VMAP") ("Medicaid"). The United States contributes approximately seventy-five percent of the cost to

1

the Medicaid program. DMAS is responsible for payment to the medical service providers for care and services received by Medicaid recipients using, in part, funds provided to it by the United States government.

2. To receive reimbursement for covered services, a provider must submit a claim on either a timesheet or through an electronic transmission to DMAS's fiscal intermediary, PCG Public Partnerships (PPL). The claim, either paper or electronic, contains data specific to each recipient and details the service dates and type of services provided.

3. PPL, under contract with DMAS, receives and processes all claims and makes payment to Medicaid providers through the issuance of paper checks or an electronic funds transfer. Neither PPL nor DMAS confirms the information of the submitted claims. The accuracy of each claim is attested to under the penalty of law by the provider submitting the claim to PPL.

4. DMAS authorizes health care providers to furnish personal care services to eligible Medicaid recipients. Personal care services are designed to allow the recipient to remain in their home rather than enter a nursing facility, an assisted living facility, or hospital. Personal care services provide eligible individuals with a home health aide who performs basic health related services, such as help with walking/wheeling exercises, self-administered medications, and household chores essential to health in the home. Specifically, personal care services include assistance with personal hygiene, nutritional support, and the environmental maintenance necessary for recipients to remain in their own homes or the community.

5. Medicaid recipients who are approved for a personal care aide are permitted to employ an aide of their own choosing pursuant to a consumer-directed model of care or receive services from a home health care agency's own employee. In this consumer-directed model, the

Medicaid recipient becomes the employer of the personal care aide with the assistance of a Service Facilitator and a Fiscal Agent. The aide is paid based on hours worked.

6. Respite care services are additional personal care hours that are specifically designed to give temporary substitute care that is normally provided by the family or another unpaid primary caregiver of the Medicaid recipient. Respite is for the relief of the caregiver due to the physical burden and emotional stress of providing continuous support and care to the recipient. These services are provided on a short-term basis because of emergency absence or for routine or periodic relief of the primary caregiver.

7. At all times relevant to this indictment, B.M., was the disabled spouse of EDDIE B. MATTISON and suffered from severe physical ailments as a result of a house fire. B.M. is a Medicaid recipient, has been assigned a unique Medicaid Identification Number, and has been approved to receive in home Personal Care and Respite Care services. MATTISON was B.M.'s primary caregiver. In this capacity, MATTISON was responsible for hiring Personal Care Aides to provide care for B.M. MATTISON was also able to submit claims for personal care service and respite care services provided to his spouse B.M. As the employer of record, MATTISON was responsible for reviewing and approving the hours/claims submitted by the personal care attendant.

8. At all times relevant to this indictment, DMAS regulations strictly forbade one spouse from working as a personal care attendant for the other spouse.

## COUNTS ONE AND TWO

1. Paragraphs 1-8 of the General Allegations are reincorporated and re-alleged as if fully set forth herein.

2. Beginning in or about 2015, and continuing through in or about March 2020, the exact dates being unknown, in the Eastern District of Virginia and elsewhere, defendant EDDIE B. MATTISON knowingly and willfully executed a scheme and artifice to defraud the Virginia Medical Assistance Program, a health care benefit program as defined in Title 18, United States Code, Section 24(b) and to obtain by means of false and fraudulent pretenses, representations, and promises, any of the money and property owned by, and under the custody and control of said health care benefit program, in connection with the delivery and payment for health care benefits, items, and services.

## THE SCHEME AND ARTIFICE

1. It was part of the scheme and artifice to defraud that defendant EDDIE B. MATTISON knowingly created and caused to be created a scheme to defraud VMAP by submitting false and fraudulent claims for personal care and respite care of his disabled spouse, B.M.

2. It was further part of the scheme and artifice to defraud that defendant submitted false and fraudulent claims for personal care hours worked by defendant as a Personal Care Attendant for B.M. despite defendant knowing that as B.M.'s spouse, he was strictly forbidden by the VMAP program to work as a Personal Care Attendant for his spouse.

3. It was further part of the scheme and artifice to defraud that defendant submitted false and fraudulent claims for personal care hours worked by other purported Personal Care Attendants, when in truth and fact, defendant was providing attendant care to B.M.

4.  It was further part of the scheme and artifice to defraud that defendant used some of the Medicaid funds obtained as a result of the fraud to proposition the purported Personal Care Attendants for sexual favors.

5.  It was further part of the scheme and artifice to defraud that defendant submitted false and fraudulent claims for personal care hours purportedly worked by his grandson A.W., while in truth and fact, A.W. lived and worked in Delaware, and never provided personal care for his grandmother.

6.  It was further part of the scheme and artifice to defraud that defendant contacted Medicaid customer service representatives to help him file Medicaid claims for personal care care for B.M. while fraudulently pretending to be his grandson A.W.

7.  It was further part of the scheme and artifice to defraud that defendant, during the time of the scheme and artifice to defraud, knowingly submitted and caused to be submitted numerous false and fraudulent claims for personal care and respite care services provided on behalf of his spouse B.M., and received a total of at least $83,520.20 in fraudulent reimbursements, a portion of which came from the United States government.

FALSE CLAIMS SUBMITTED TO VMAP IN FURTHERANCE OF THE SCHEME

On or about the dates noted in the Counts set forth below, in the Eastern District of Virginia and elsewhere, for the purpose of executing the aforesaid scheme and artifice, the defendant EDDIE B. MATTISON did knowingly submit and cause to be submitted the following false claims, among others, to VMAP, each claim being a separate count of this indictment as indicated:

| COUNT | APPROXIMATE CLAIMED DATES OF SERVICE | AMOUNT OF PAYMENT |
|---|---|---|
| 1 | October 31, 2019-November 13, 2019 | $622.20 |
| 2 | November 14, 2019-November 27, 2019 | $622.20 |

(In violation of Title 18, United States Code, Section 1347 and 2.)

## COUNTS THREE AND FOUR

1.  Paragraphs 1-8 of the General Allegations are reincorporated and re-alleged as if fully set forth herein.

2.  On or about the dates set forth below, in the Eastern District of Virginia, the defendant EDDIE B. MATTISON, in a matter involving a health care benefit program as defined in Title 18, United States Code, Section 24(b), knowingly and willfully did make a materially false, fictitious and fraudulent statement and representation, and make and use a materially false writing and document knowing the same to contain a materially false, fictitious and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items and services, in that the defendants submitted and caused to be submitted to the Virginia Medicaid program, known as the Virginia Medical Assistance Program, the following claims for health care benefit payments, each of which falsely and fraudulently represented that a Personal Care Attendant provided personal care nd respite care to a Medicaid recipient, when in truth and fact, as the defendant well knew, the defendant himself provided such personal attendant care and respite care services all while knowing he was not permitted to bill for such services. Each claim is a separate count of this indictment as indicated:

6

| COUNT | APPROXIMATE CLAIMED DATES OF SERVICE | AMOUNT OF PAYMENT |
|---|---|---|
| 3 | October 31, 2019- November 13, 2019 | $622.20 |
| 4 | November 14, 2019-November 27, 2019 | $622.20 |

(In violation of Title 18, United States Code, Section 1035 and 2.)

## COUNT FIVE

1. Paragraphs 1-8 of the General Allegations are reincorporated and re-alleged as if fully set forth herein.

2. On or about October 31, 2019- November 13, 2019, the exact date being unknown, in the Eastern District of Virginia and elsewhere, the defendant EDDIE B. MATTISON did knowingly use and cause to be used, without lawful authority, a means of identification of another (that is, the name and other identifying information of his grandson A.W.), during and in relation to a felony relating to any provision contained in Chapter 63, that is, 18 U.S.C. § 1347, health care fraud:

(In violation of Title 18, United States Code, Section 1028A(a)(1) and 2.)

## FORFEITURE

THE GRAND JURY FINDS PROBABLE CAUSE THAT:

A. The defendant, if convicted of any of the violations alleged in Counts 1 through 4 of this Indictment, shall forfeit to the United States as part of the sentencing pursuant to Fed. R. Crim. P. 32.2, any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

B. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

C. The property subject to forfeiture includes, but is not limited to, the following:

   1. A monetary judgment in the amount of at least $83,520.20, which represents the proceeds of the health care fraud scheme obtained by the defendant.

(In accordance with Title 18, United States Code, Section 982(a)(7)).

United States v. Eddie B. Mattison.
Criminal No. 2:23cr 128

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

A TRUE BILL:

**REDACTED COPY**

_____
FOREPERSON

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Joseph L. Kosky
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number (757) 441-6331
Facsimile Number (757) 441-6689
E-Mail Address - joseph.kosky@usdoj.gov